PEOPLE, PLAINTIFF AND APPELLEE, *v.* RÍOS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Adulteration of Milk.

No. 1556.—Decided July 15, 1920.

PUBLIC HEALTH—ADULTERATED MILK.—In the absence of a presumption that adulterated milk found in a milk-stall was intended to be sold, and in the absence of proof that such milk was offered for sale, or sold, it cannot be held that the statutory elements constituting the crime were proved beyond all reasonable doubt.

The facts are stated in the opinion.

*Mr. R. Martínez Nadal* for the appellant.

*Messrs. J. E. Figueras, Fiscal,* and *C. Llauger* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The information charges defendant Emilio Ríos with having, on October 5, 1919, on the corner of Comercio and Salud streets, Ponce, P. R., within the judicial district of the same name, unlawfully, wilfully and maliciously had adulterated milk for sale, and the District Court of Ponce entered a judgment of conviction from which an appeal has been taken to this court.

The only ground of appeal is an erroneous weighing of the evidence.

Genaro Santiago Vázquez, Sanitation Inspector, testified that he found in the milk-stall of the defendant three jugs from which he took the samples which upon being analyzed showed that the milk was adulterated. There is no doubt that it was adulterated.

The fact that the three jugs of milk were in a public milk-stall owned by the defendant raises the presumption that the milk was kept for sale, for such is the purpose of a milk-stall. *People* v. *Pérez*, 23 P. R. R. 815.

But in the present case this presumption is rebutted by the testimony of the defendant and José Avilés, an insular policeman, whose testimony agreed that the defendant had on the sidewalk in front of his milk-stall some jugs of milk which interfered with the public traffic; that upon being questioned by the policeman he answered that they contained milk which he had just received and did not want to take into the milk-stall until it was examined by the sanitation officials, and that he took the jugs inside at the suggestion of the policeman.

There is no evidence that the milk was offered for sale or sold, for although the sanitation inspector on direct examination testified that it was sold to several persons, of whom he only remembered a woman by the name of Flores, she was not called to testify at the trial and on cross-exami-

nation by the defense the inspector himself said that he did not see where the woman purchased the milk.

In a case like the present where no account is taken of the criminal intent, there is greater reason for requiring that the statutory elements of the crime be proved beyond all reasonable doubt. *People* v. *Andino et al.,* 21 P. R. R. 211.

The judgment appealed from must be reversed and another entered discharging the defendant-apellant without costs.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.